JUAN CARLOS CARRILLO

v.

GEICO ADVANTAGE INSURANCE COMPANY

PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441 (B)

(DIVERSITY JURISDICTION)

Exhibit "A"

COMPLAINT

Pages1 - 8



**Electronically Filed**
1/5/2018 11:57 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
David D. Boehrer, Esq.
Nevada Bar No. 9517
Travis J. Rich, Esq.
Nevada Bar No. 12854
**DAVID BOEHRER LAW FIRM**
375 N. Stephanie Street, Suite 2213
Henderson, NV 89014
Tel: (702) 750-0750
Fax: (702) 750-0751
david@dblf.com, travis@dblf.com
*Attorneys for Plaintiff*

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| JUAN CARLOS CARRILLO, an individual, | Case No. A-18-767339-C |
| Plaintiff, | Dept. No. Department 29 |
| vs. | **COMPLAINT** |
| GEICO ADVANTAGE INSURANCE COMPANY; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive jointly and severally, | |
| Defendants. | |

COMES NOW, Plaintiff JUAN CARLOS CARRILLO, by and through his attorney of record, TRAVIS J. RICH, ESQ. of the DAVID BOEHRER LAW FIRM, and complains and alleges as follows:

1. That at all times relevant herein, Plaintiff, JUAN CARLOS CARRILLO (hereinafter "Plaintiff"), is and was a resident of Clark County, Nevada.

2. That at all times relevant herein, Defendant, CSAA GENERAL INSURANCE COMPANY (hereinafter "Defendant"), is a company organized under the laws of the State of Nebraska and is authorized to conduct systematic and continuous business in the insurance industry in the State of Nevada.

- 1 -

3.  That all the facts and circumstances that gave rise to the subject lawsuit occurred in Clark County, Nevada.

4.  That the identities of Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 are presently unknown at this time, and Plaintiffs therefore sue said Defendants by such fictitious names. Plaintiffs request leave of the Court to amend this Complaint to specify the DOE and ROE Defendants when their identities become known.

5.  That Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 are individuals, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessor or successor entities, joint venturers, parent corporations or related business entities of Defendant, inclusive, who were acting on behalf of or in concert with, or at the direction of Defendant, and are responsible for the injurious activities of the other Defendants.

6.  At all material times, Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 were individuals and/or entities who were and are agents, masters, servants, employers, employees, joint ventures, representatives and/or associates of Defendant with the consent, knowledge, authorization, ratification and permission of each other. At all times relevant hereto, Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 engaged in concerted acts and/or were responsible for the acts and/or omissions of themselves and each other Defendant.

7.  That each DOE and/or ROE Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein.

8. That each DOE and/or ROE Defendant is legally responsible for the events and happenings stated in this Complaint, and thus legally and proximately caused injury and damages to Plaintiff.

9. Plaintiff has found it necessary to retain the services of an attorney to prosecute this action and is therefore entitled to reasonable attorney's fees and costs of suit incurred herein.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Defendant since Defendant has purposely availed itself to the benefits and protections of Nevada's laws by continuously and systematically conducting business in Clark County, Nevada. Further, this case involves damages in an amount in excess of $15,000.00. Venue is proper, as the subject incident and conduct of Defendant occurred within Clark County in the state of Nevada.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 10 of the general allegations as though fully set forth at this time.

12. Plaintiff maintained an automobile insurance policy with Defendant at all relevant times herein.

13. Plaintiff's automobile insurance policy provided for underinsured motorist benefits of $100,000 per person.

14. Plaintiff fulfilled all obligations required to maintain the policy including the payment of all premiums owed.

15. The policy was in full effect on the date of a motor vehicle collision between Plaintiff and negligent third party driver, Roger Shepard.

16. On February 4, 2017, Plaintiff was traveling eastbound on Cactus Avenue in Las Vegas, Nevada.

17. At the same time and date, Mr. Shepard was traveling immediately behind Plaintiff and failed to slow down as he approached Plaintiff's vehicle.

18. Mr. Shepard negligently operated his vehicle and failed to use due care by, among other things, failing to decrease speed, failing to maintain a safe distance, and failing to maintain a proper lookout, thereby colliding into the rear of Plaintiff's vehicle and causing significant bodily injuries to Plaintiff.

19. Mr. Shepard was at fault for the collision.

20. Plaintiff sustained numerous injuries, some of which are permanent and disabling in nature, and sought appropriate medical treatment.

21. Mr. Shepard's insurance carrier tendered the limits of his policy to Plaintiff for his debilitating injuries, past and future treatment, past and future pain and suffering, and wage loss.

22. As these policy limits were insufficient to cover the extent of Plaintiff's damages, Plaintiff filed an underinsured motorist claim with Defendant.

23. Defendant has failed to properly evaluate Plaintiff's claim and failed to make a fair and reasonable offer, as required by the insurance policy language.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

24. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 23 as though fully set forth at this time.

- 4 -

25. At all relevant times hereto, Plaintiff was the permissive driver of the vehicle which was insured under an automobile insurance policy issued by Defendant that provided underinsured motorist coverage.

26. Plaintiff and Defendant were bound by a contractual relationship pursuant to this insurance policy.

27. Plaintiff performed all conditions, covenants, and promises of the policy as required by contract, including, but not limited to, the payment of term premiums.

28. As a result of the underlying motor vehicle collision on February 4, 2017, Plaintiff's damages of medical bills, future treatment, past and future pain and suffering, and wage losses far exceed the policy limits recovered from negligent third party driver.

29. Plaintiff is therefore entitled to recovery from his first party insurance carrier (Defendant), pursuant to his payment of premiums for underinsured motorist coverage.

30. Defendant declined to make an offer to Plaintiff to settle his underinsured motorist claim, which does not comport with the policy contractual requirements.

29. Defendant has failed to make a reasonable and adequate offer to compensate Plaintiff for his damages, which constitutes a breach of contract under the terms and conditions set forth by the relevant policy.

30. As a direct and proximate result of Defendant's aforesaid breach of contract, Plaintiff has been damaged in an amount in excess of $15,000.00.

**SECOND CAUSE OF ACTION**
(Breach of Covenant of Good Faith and Fair Dealing)

31. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 30 of the general allegations as though fully set forth at this time.

32. That every contract in Nevada has an implied covenant of good faith and fair dealing, and that when the relationship between the two parties of the contract are insurer and insured, a breach of that covenant results in bad faith.

33. That the Defendant has breached the implied covenant of good faith and fair dealing in Plaintiff's policy/contract for underinsured motorist coverage by, including but not limited to, failing to live up to their contractual obligations.

34. That Defendant knowingly acted unreasonably by making a no offer, which does not properly evaluate Plaintiff's total medical bills, let alone pain and suffering and other damages Plaintiff is entitled to recover.

35. Aware of Plaintiff's medical costs and other damages due to the collision, that Defendant had no reasonable basis to dismiss Plaintiff's protected rights to a claim under the policy contract for underinsured motorist coverage.

36. That as a direct and proximate results of Defendant's aforesaid breaches of the implied covenant of good faith and fair dealing, the Plaintiff is entitled to punitive and exemplary damages herein in sums in excess of $15,000.00.

**THIRD CAUSE OF ACTION**
(Unfair Insurance Claims Settlement Practices)

37. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 36 of the general allegations as though fully set forth at this time.

38. Defendant violated NRS 686A.310(1) by engaging in the following unfair claims settlement practices:

   a. Defendant failed to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become clear, as prohibited by NRS 686A.310(1)(e). Negligent third party driver's policy limits did not

cover Plaintiff's damages, yet Defendant still failed to make a fair and equitable settlement offer.

    b. Defendant attempted to settle the claim for less than the amount to which a reasonable person would have believed he was entitled, as prohibited by NRS 686A.310(1)(g). A reasonable person believes that the monthly premium they pay to an insurance carrier for underinsured motorist coverage would in fact apply when third party negligent driver's policy limits do not cover Plaintiff's damages.

    c. Defendant compelled Plaintiff to institute litigation to recover amounts due under the insurance policy, as prohibited by NRS 686A.310(1)(f).

39. That as a direct and proximate result of the Defendant's aforesaid violations of NRS 686A.310, Plaintiff is entitled to punitive and exemplary damages herein in excess of $15,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows:

1. For underinsured motorist benefits in an amount to be ascertained at trial;
2. General damages in an amount in excess of $15,000.00;
3. Damages for failure to provide benefits under the policy, plus interest, including pre-judgment interest, and other economic and consequential damages in a sum to be determined at trial;
4. Special damages in an amount to be ascertained at trial;
5. For punitive damages for violation of the covenant of good faith and fair dealing and the Nevada Unfair Trade Practices Act in excess of $15,000.00.

6. Attorney's fees and costs of suit incurred herein; and

7. For such other and further relief as the Court may deem just and proper.

DATED this 5th day of January, 2018.

**DAVID BOEHRER LAW FIRM**

By: ______________________

DAVID D. BOEHRER, ESQ.
Nevada Bar No. 9517
TRAVIS J. RICH, ESQ.
Nevada Bar No. 12854
375 N. Stephanie Street, Suite 2213
Henderson, NV 89014
(702) 750-0750
*Attorneys for Plaintiff*